## SETTLEMENT AGREEMENT AND
## GENERAL RELEASE OF ALL CLAIMS

### RECITALS:

This Settlement Agreement and General Release of All Claims ("Agreement") is made by and between Luis A Ortiz and Kelvin X. Vargas (collectively "Plaintiffs" and each individually "Ortiz" or "Vargas") and Valley Crest Landscape Maintenance Inc., its successors, managers, employees, officers, investors, affiliates, subsidiaries, agents, assigns, executives, Board of Directors, shareholders, attorneys and insurers (collectively referred to herein as the "Company") (Plaintiffs and the Company are collectively referred to herein as the "Parties" or singularly "Party").

WHEREAS, Plaintiffs acknowledge payment in full and receipt of all monies owed to them by the Company prior to the signing of this agreement (e.g., wages, bonuses and business expense reimbursements);

WHEREAS, Plaintiffs both were previously employed by the Company in 2015 and are no longer employed by the Company;

WHEREAS, Plaintiffs initiated a lawsuit entitled *Luis A. Ortiz, Kelvin X Vargas, and other similarly-situated individuals,* Case No. 1:15-cv-24547-UU filed in the United States District Court Southern District of Florida, Miami Division (hereinafter, "Claim");

WHEREAS, in exchange for the payments described below, Plaintiffs release the Company from any claims arising from or related to the employment relationship;

WHEREAS, Plaintiffs have agreed to resolve any and all disputes, claims, complaints, grievances, charges, actions, petitions and demands that Plaintiffs may have, including, but not limited to, any and all claims arising or in any way related to Plaintiffs' employment with the Company arising out of, or related to, any events occurring prior to the execution of this Settlement Agreement;

WHEREAS, Plaintiffs also understands that in order to receive the payments under this Agreement, Plaintiffs must sign and return this Agreement to Gena Ashe, counsel for the Company, at 2275 Research Blvd, Suite 600, Rockville, MD 20850.

NOW, in consideration of the promises made herein, the Parties hereby agree as follows:

### AGREEMENT:

1.    No Admission of Liability. This Agreement and compliance with this Agreement is not, and shall not be construed as, an admission by the Company of any liability or wrongdoing whatsoever, or as an admission by the Company of any violation of the rights of Plaintiffs or of any other person, or the violation of any order, law, statute, regulation, duty, or contract. The Company specifically disclaims any liability to Plaintiffs or any other person for any alleged

1

violation of the rights of Plaintiffs or any person or for any alleged violation of any order, law, statute, duty, or contract.

2.    Consideration.

(a)    In consideration for the release of all claims as set forth below and other obligations under this Agreement, and upon Plaintiffs' delivery of a signed Agreement to Gena Ashe as indicated above, the Company will cause to be delivered to and payable to Plaintiffs' attorney trust account, Zandro E. Palma P.A., Trust Account, at 9100 S. Dadeland Blvd., Suite 1500, Miami, FL 33156 a check in the total gross amount of $8,145.00, which amount is inclusive of attorney fees, to be held in trust for the benefit of Plaintiffs and for which a W-9 will be issued. The check will be delivered within ten (10) business days of the Effective Date of this Agreement.

(b)    Plaintiffs agree that the foregoing payments shall constitute the entire amount of monetary consideration provided to Plaintiffs under this Agreement and that Plaintiffs will not seek any further compensation for any claimed damages, costs or attorney's fees in connection with the matters encompassed in this Agreement.

3.    Tax Indemnification. Plaintiffs acknowledge and agree that the Company has made no representations or warranties regarding the tax consequences of any amounts paid by the Company to them pursuant to this Agreement. Plaintiffs agrees to pay all federal or state taxes owed by them, if any, which are required by law to be paid with respect to the payments herein. Plaintiffs further agree to indemnify and hold the Company harmless from any taxes owed by Plaintiffs, including interests or penalties owed by Plaintiffs, on account of this Agreement. Plaintiffs further agree to reimburse Company for any attorneys' fees and costs incurred by Company as a result of having to obtain indemnification under this Agreement.

4.    Voluntary Dismissal. Plaintiffs agree to voluntarily dismiss with prejudice the aforementioned Claim (*Luis A. Oritz, Kelvin X. Vargas, and other similarly-situated individuals*, Case No. 1:15-cv-24547-UU) upon execution of this Agreement.

5.    Effective Date. The "Effective Date" is the date Plaintiffs sign this Agreement.

6.    Non-Disclosure of Confidential and Proprietary Information. Plaintiffs agree to continue to maintain the confidentiality of all confidential and proprietary information of the Company. In accordance with applicable state and federal law, Plaintiffs shall not divulge, furnish or make available any confidential information, trade secrets, patents, patent applications, price decisions or determinations, inventions, customers, proprietary information or other intellectual property rights of the Company, until after such time as such information has become publicly known other than by disclosure or collusion of Plaintiffs.

7.    Payment in Full. Plaintiffs acknowledge and agree that Plaintiffs have received all salary, wages, accrued vacation, bonuses, commissions, overtime, meal breaks, rest breaks, expense reimbursements, or other such sums due to Plaintiffs prior to the signing of this Agreement other than amounts to be paid pursuant to this Agreement.

8.    Release of Claims. In consideration for the payments provided for under the Agreement, and for other good and valuable consideration, the receipt and sufficiency of which

you hereby acknowledge, Plaintiffs fully and forever waive, release, acquit and discharge the Company, as well as any and all of its past, current and future parent, subsidiary and affiliated companies, predecessors and successors thereto, as well as their respective officers, directors, agents, employees, affiliates, representatives, shareholders, assigns, and other affiliated or related persons or entities, and all benefit plans sponsored by them or their insurers, successors, and assigns ("Releasees"), from any and all legally waiveable claim, action, charge, complaint, grievance and cause of action of whatever nature, whether now known or unknown, that exist or may in the future exist arising from or relating to any event, act or omission from the beginning of time until the date you sign this Agreement, including but not limited to the following:

(a)     Claims related to your recruitment and hiring by the Company, your employment with the Company, the terms and conditions of your employment and/or the termination of your employment, including but not limited to, claims for bonuses or other pay, claims of tort, breach of contract, breach of the covenant of good faith and fair dealing, wrongful termination, discrimination, harassment, retaliation, violation of public policy, fraud, intentional or negligent misrepresentation, defamation, personal injury, or infliction of emotional distress;

(b)     Any whistleblower or retaliation Claims;

(c)     Any Claims for attorneys' fees and costs;

(d)     Any statutory, civil, administrative, or common law claims, whether known or unknown, suspected or unsuspected, fixed or contingent, apparent or concealed;

(e)     Any claims arising from rights under federal, state, or local laws and regulations, including but not limited any Claims relating to discrimination or harassment in your employment based on race, color, religion, national origin, age, sex, gender, pregnancy, disability, sexual orientation, gender identity, genetic information, military status, veteran status or other classification protected by applicable federal, state or local law as enacted or amended, including but not limited to any Claims brought under:

     i. Title VII of the Civil Rights Act of 1964,

     ii. Sections 1981 through 1988 of Title 42 of the United States Code,

     iii. The Age Discrimination in Employment Act,

     iv. The Older Workers Benefit Protection Act,

     v. The Employee Retirement Income Security Act of 1971,

     vi. The Equal Pay Act of 1963,

vii.   The Americans with Disabilities Act of 1990,

viii.   The ADA Amendments Act of 2008,

ix.   The Genetic Non-Discrimination Act

x.   The Family and Medical Leave Act,

xi.   The False Claims Act,

xii.   The Immigration Reform and Control Act;

xiii.   The National Labor Relations Act;

xiv.   The Worker Adjustment Retraining and Notification Act and similar state and local laws;

xv.   Any state or local anti-discrimination statute, ordinance or other law, including, but not limited to, the Florida Civil Human Rights Act, as amended, Fla. Stat. Ann. §§ 760.01 et seq.; Florida AIDS Act, Fla. Stat. Ann. §§ 760.50 et seq.; Florida Wage Discrimination Law, as amended, Fla. Stat. Ann. § 725.07; Florida Discrimination against Education Employees, Fla. Stat. Ann. § 1000.05; Florida Discrimination Against Military Personnel, Fla. Stat. Ann. § 250.481 to 250.482; Florida Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers Compensation Claim, Fla. Stat. Ann. § 440.205; Florida False Claims Act, Fla. Stat. Ann. §§ 68.081 et seq.; Whistleblower's Act, Fla. Stat. Ann. §§ 112.3187 et seq.; Wage Payment Laws, Fla. Stat. Ann. §§ 448.109 to 448.110; and any Claims for retaliation under any such laws.

9.   Resolution of all Claims. Plaintiffs acknowledge that this Agreement resolves all legal Claims they may have against the Releasees as of the date of this Agreement, whether known or unknown, to the maximum extent the law permits such Claims to be released.  It is understood and agreed that Plaintiffs expressly waive any and all rights that they may have under any state or local statute, executive order, regulation, common law and/or public policy relating to unknown claims.

10.   No Participation in Proceedings. Plaintiffs agree to refrain from voluntarily participating in, or assisting others in, any proceedings against the Company, except that this Agreement does not bar Plaintiffs from participating in or otherwise providing information to a governmental agency or from providing testimony, as required by subpoena, in a court of competent jurisdiction or by law. Plaintiffs do not release any right or claim that they may have to participate in any proceedings before an administrative agency responsible for enforcing labor and/or employment laws. Noting in this Agreement shall be construed to limit Plaintiffs' rights to participate in administrative proceedings before the EEOC or the NLRB or to provide information to any agency responsible for enforcing unemployment compensation laws.

4

11.     Time for Consideration. Ortiz acknowledges that he has the right to take at least 21 days to consider this Agreement and Release prior to entering into it.  Ortiz further acknowledge that they have  the right to revoke this Agreement and Release within 7 days of its execution by giving written notice of such revocation by hand delivery or fax within said 7-day period to the Company (Attention: Gena Ashe), and that if he does exercise this right, this Agreement and Release shall be null and void.  Because of this revocation period, the Company and you agree that this Agreement and Release will be "effective" on the 8th day after its execution by all parties, provided that you have not timely delivered to the Company written notice of your revocation.

12.     Release of Unknown Claims. Plaintiffs agree and represent that it is within their contemplation that they may have claims against the Releasees of which, as of the date they sign this Agreement and Release, they have no knowledge or suspicion, but agree and acknowledge that this Agreement and Release extends to all claims in any way based upon, connected with or related to their employment with the Company, whether or not known, claimed or suspected by them.

13.     No Other Pending or Future Lawsuits. Plaintiffs represent that other than the abovementioned Claim, Plaintiffs have not filed any lawsuits, administrative complaints or made any other charges, either in their names or on behalf of any other person or entity, against the Company in any local, state or federal court or with any local, state, federal or administrative agency.  Plaintiffs further represent that Plaintiffs will not bring any action in the future in which Plaintiffs seek to recover any damages from the Company relating to or arising from Plaintiffs' employment with the Company prior to the signing of this Agreement, other than an action to enforce Plaintiffs' rights under this Agreement. If any organization (governmental or nongovernmental) brings an action against the Company for any reason, and any money or other benefit is given to Plaintiffs as a result of the action, Plaintiffs agree to give the proceeds of said action given to the Plaintiffs to the Company.

14.     No Future Employment.  Plaintiffs agree that they will not be reemployed by the Company, or any parent, affiliates or subsidiaries now or in the future and that they will not knowingly apply for or otherwise seek employment with Company and or any parent, affiliates, or subsidiaries now or in the future.

15.     Confidentiality.  Plaintiffs represent that they have not disclosed and agree to maintain in confidence the contents and terms of this Agreement, the consideration for this Agreement, and any allegations relating to the Company, including its officers, managers and employees (hereinafter collectively referred to as "Settlement Information"), unless otherwise mandated by law.  Plaintiffs agree to take every reasonable precaution to prevent disclosure of any Settlement Information to third parties, and agree that there will be no publicity, directly or indirectly, concerning any Settlement Information.  Plaintiffs agree to take every precaution to disclose Settlement Information only to those attorneys, accountants, governmental entities, and family members who have a reasonable need to know of such Settlement Information.  Plaintiffs agree that, if asked, Plaintiffs may state that the matter has been resolved.

16.     No Knowledge of Wrongdoing. Plaintiffs represent that they have no knowledge of any wrongdoing involving a federal or state governmental agency, or any other wrongdoing that involves Plaintiffs or other present or former Company employees.

17.     Costs. The Parties shall each bear their own attorneys' fees and other fees incurred in connection with this Agreement.

18.     Authority. The Company represents and warrants that the undersigned has the authority to act on behalf of the Company and to bind the Company and all that may claim through it, to the terms and conditions of this Agreement. Employee represents and warrants that Employee has the capacity to act on Employee's own behalf, and on behalf of all others, to bind them to the terms and conditions of this Agreement. Each party warrants and represents that there are no liens or claims of lien, or assignments in law or equity or otherwise, of or against any of the claims or causes of action released herein.

19.     No Representations. Ortiz and Vargas represent that they have had the opportunity to consult with their attorney, and have carefully read and understand the scope and effect of the provisions of this Agreement. Ortiz and Vargas represent that this Agreement was translated or interpreted to each of them in Spanish or their native language and that they each understand and comprehend all interpretations or translations. Neither Ortiz nor Vargas has relied upon any representations or statements made by the Company hereto which are not specifically set forth in this Agreement.

20.     Severability. In the event that any provision hereof becomes or is declared by a court of competent jurisdiction or an arbitrator to be illegal, unenforceable or void, this Agreement shall continue in full force and effect without said provision.

21.     Entire Agreement.     This Agreement constitutes the entire agreement and understanding between the Parties concerning the subject matter of this Agreement and all prior representations, understandings, and agreements concerning the subject matter of this Agreement have been merged into this Agreement.

22.     Final and Binding. This Agreement shall be binding upon the Parties and upon their heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of said Parties and each of them and to their heirs, administrators, representatives, executors, successors, and assigns. Plaintiffs expressly warrant that they have not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

23.     Plain Meaning. This Agreement shall be construed according to its plain meaning and not strictly for or against Plaintiffs or the Company.

24.     No Waiver. The failure of any party to insist upon the performance of any of the terms and conditions in this Agreement, or the failure to prosecute any breach of any of the terms and conditions of this Agreement, shall not be construed thereafter as a waiver of any such terms or conditions. This entire Agreement shall remain in full force and effect as if no such forbearance or failure of performance had occurred.

25.     No Oral Modification.  Any modification or amendment of this Agreement, or additional obligation assumed by either party in connection with this Agreement, shall be effective only if placed in writing and signed by all Parties or by authorized representatives of each party. No provision of this Agreement can be changed, altered, modified, or waived except by an executed writing by the Parties.

26.     Governing Law.  This Agreement shall be deemed to have been executed and delivered within the State of Florida, and it shall be construed, interpreted, governed, and enforced in accordance with the laws of the State of Florida, without regard to the State of Florida's conflict of law principles.

27.     Attorneys' Fees.  In the event that either Party brings an action to enforce or affect any rights under this Agreement, the prevailing party shall be entitled to recover costs and expenses, including the costs of mediation, arbitration, litigation, and court fees, plus reasonable attorneys' fees, incurred in connection with such an action.

28.     Counterparts.  This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

29.     Voluntary Execution of Agreement.  This Agreement is executed voluntarily and without any duress or undue influence on the part or behalf of the Parties hereto, with the full intent of releasing all claims.  The Parties acknowledge that:

    (a)     they have read this Agreement;

    (b)     they have been represented in the preparation, negotiation, and execution of this Agreement by legal counsel of their own choice or that they have voluntarily declined to seek such counsel;

    (c)     they understand the terms and consequences of this Agreement and of the releases it contains; and

    (d)     they are fully aware of the legal and binding effect of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement on the respective dates set forth below.

Dated: **March 21, 2016**              **Valley Crest Landscape Maintenance, Inc.**

By _____

Charlie Vizoso, VPGM

AGREED TO AND APPROVED:

ZANDRO E.PALMA ( Attorney for the
Plaintiffs)

Dated: _03|15|16_         By _Luis A. ortiz_
                                LUIS A. ORTIZ

Dated: _03|14|16_         By _Kelvin y Vargas_
                                KELVIN X. VARGAS